## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEAN GERMAIN                    *

Plaintiff                       *

v                               *          Civil Action No. JFM-13-2267

BOBBY P. SHEARIN                *

Defendant                       *
                              ***

### MEMORANDUM

Pending is defendant's motion to dismiss or for summary judgment.  ECF 13.  Plaintiff responded to the motion with the assertion that he requires discovery in order to adequately respond to the dispositive motion pursuant to Fed. R. Civ. Proc. 56(d).  ECF 15.  In addition, plaintiff filed declarations under oath from four other inmates.  ECF 16.  Defendant filed a reply, presuming that plaintiff's pleadings would be construed as an opposition response.  ECF 29.

Also pending are plaintiff's motions to join claim (ECF 22), to introduce evidence (ECF 24 and 25), requesting a hearing (ECF 30), seeking waiver of cost for photocopies (ECF 31), and for appointment of counsel (ECF 32).  The court finds a hearing in this matter unnecessary at this time and shall deny plaintiff's motion requesting a hearing. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, defendant's dispositive motion shall be denied without prejudice; the remaining motions filed by plaintiff are addressed herein.

### Complaint

Plaintiff asserts that defendant, Bobby Shearin, former-Warden of North Branch Correctional Institution (NBCI), owed him a duty of care to: provide him with three "wholesome, nutritious, well-prepared, and adequate meals a day; avoid imposing a substantial burden on his religious practices; and review his administrative remedy procedure (ARP)

submissions and address them in accordance with procedures outlined in applicable Division of Correction Directives (DCD).  ECF 1 at pp. 2 – 3.  Plaintiff claims Shearin breached all of these duties by violating plaintiff's constitutional rights as well as state and federal statutory law.

Plaintiff claims Shearin implemented a policy of "starving inmates of the Islamic faith who participate in fasting during the holy month of Ramadan."  ECF 1 at p. 3.  Plaintiff claims Shearin did this by "only providing" Islamic inmates with "one wholesome meal per day."  *Id.* Plaintiff further asserts that Shearin forced Islamic inmates to "either forfeit the benefits of being on the institutional Ramadan roster and try to fast alone, or abandoning fasting altogether in violation of . . . RUILPA."  *Id.* citing 42 U.S.C. §2000cc *et seq.*

With respect to ARPs, plaintiff alleges that Shearin is "guilty" of denying him "equal access" to the administrative remedy procedure in violation of his Fourteenth Amendment rights. ECF 1 at p. 4.  Plaintiff claims he submitted an ARP to Shearin early during the month of Ramadan and, upon receiving same, Shearin directed his institutional ARP coordinator "to dismiss [the ARP] on bogus grounds."  *Id.*

Plaintiff attaches a copy of the ARP he claims was improperly dismissed.  ECF 1 at pp. 7 – 8.  In the ARP, plaintiff claims he was improperly told that because he had chosen to fast for Ramadan he had waived his right to receive a meal at lunch.  Plaintiff stated he did not waive his right to receive a lunch and demanded that Shearin find a way to accommodate his needs for "this special circumstance."  *Id.*   The ARP was dismissed pending resubmission with handwritten questions from the coordinator asking if plaintiff was properly receiving his Ramadan meals; whether plaintiff had the option of accepting a lunch meal; and directing plaintiff to provide documentation regarding how his rights had been violated.  *Id.* at p. 7.  The coordinator also asks, "whos (sic) decision is it to fast?"  *Id.*

Plaintiff claims that he began Ramadan weighing 178 pounds, but due to Shearin's policy of providing him with only one wholesome meal per day, plaintiff "suffered weight loss"[1] as well as severe hunger pangs, light-headedness, headaches, and emotional distress.  ECF 1 at p. 4. He asserts these resulting conditions prevented him from performing all of his daily prayers and other duties.   Plaintiff concludes that the injuries he sustained were the result of Shearin's "deliberate indifference" and that the policy of providing fasting Muslims with one "wholesome meal" a day served no legitimate penological interest.

### Defendant's Response

Defendant admits plaintiff is a member of the Islamic faith and in 2013, he participated in the observance of Ramadan which began in 2013 on or about July 8.  ECF 13 at Ex. 1.  During Ramadan, defendant asserts that the normal process for distribution of food is altered to accommodate the Muslim practice of fasting from sunrise to sunset.  *Id*. at Ex. 2.  Those participating in Ramadan are afforded an opportunity to eat before sunrise because after a practicing Muslim prays the first prayer, he is not supposed to eat again until sunset.  *Id*. Breakfast is served to the Ramadan participants, but lunch is not; rather, an evening meal combining lunch and dinner is served at sunset. *Id*.  Defendant claims the meals served are designed to support proper caloric intake.

On July 16, 2013, plaintiff's ARP claiming he was missing lunch was received by defendant.  *Id*. at Ex. 3.  Plaintiff was provided until July 31, 2013, to resubmit his ARP with the information requested, as noted *supra*.  In his resubmitted ARP, plaintiff stated it was his decision to participate in Ramadan, but he did not provide any of the other information requested

---

[1]  Plaintiff provides no evidence of his weight loss and in prior lawsuits attributed a weight loss to an untreated medical condition.  *See Germain v. Wexford Health Sources, Inc.*, Civil Action JFM -13-382 (D. Md.).

including documentation[2] regarding how his rights were being violated.  As a result, plaintiff's

ARP was dismissed on the date it was submitted.  *Id.*

## Standard of Review

### Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Supreme

Court has clarified that this does not mean that any factual dispute will defeat the motion.  "By its

very terms, this standard provides that the mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club,*

*Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all

reasonable inferences in her favor without weighing the evidence or assessing the witnesses'

credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but

the court also must abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal

---

[2]  Defendant does not describe the type of documentation available to plaintiff that would establish a violation of his
rights.  ECF 13.

quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

First Amendment and RLUIPA

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). With respect to the free exercise of religion, prison inmates retain a right to reasonable opportunities for free exercise of religious beliefs without concern for the possibility of punishment. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). That retained right is not unfettered. Prison restrictions that impact on the free exercise of religion but are related to legitimate penological objectives do not run afoul of the constitution. *See Turner v. Safely*, 482 U.S. 78, 89-91 (1987). The test to determine if the restrictions are justified requires examination of whether there is a rational relation between the asserted governmental interest and the regulation in question. In addition, this court must examine: whether there are alternative means of exercising the right asserted; whether accommodation of the right will impact on the orderly operations of the prison; and whether readily available alternatives to the regulation would be less restrictive.

An additional consideration in this case is the standard provided by the Religious Land Use and Institutionalized Persons Act (RLUIPA). The act provides in part that:

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a) (2000).  RLUIPA does not give prisoners an unfettered right to religious accommodation. Rather, the statute mandates "due deference to the experience and expertise of

5

prison and jail administrators." *Lovelace v. Lee*,  472 F.3d 174, 210 (4th Cir. 2006), quoting *Cutter v. Wilkinson,* 544 U.S. 709, 723 (2005).

## Analysis

Plaintiff states that during Ramadan in 2013, inmates received a breakfast bag at night consisting of a one-ounce cereal bowl, four slices of bread, two packages of jelly, and a piece of fruit to be eaten before dawn or after sunset.  ECF 15 at p. 4.  No other meal was provided and the meal provided contained no additional food to make up for the missed lunch meal.  *Id*. Plaintiff further asserts that the meal provided would either be the lunch meal that was on the regular menu which was then saved until sunset to be delivered to Ramadan participants, or it would be that day's dinner meal, whichever one was the better meal for the day.  *Id*.  He states that Ramadan participants were never provided with a combination of two meals.  *Id*.  Plaintiff further alleges that there was a separate weekly menu for Ramadan participants which he claims he needs to access in order to soundly refute Chaplain Lamp's assertions made in support of defendant's motion to dismiss or for summary judgment.  *Id*.

Plaintiff further claims that fasting under these conditions became so difficult for him that he removed himself from the Ramadan roster and abandoned fasting.  He asserts the paper work for his removal from the roster was prepared and forwarded to the Chaplain's office by correctional officers D. Rounds and A. Logsdon.  *Id*. at p. 5.  Plaintiff further asserts that another inmate who was also participating in Ramadan, Andrew Joseph Dicks, filed an ARP concerning Ramadan which was dismissed at the institutional level, but found meritorious by the Commissioner of Correction.  *Id*.  Plaintiff states that Dicks was sent a copy of a memorandum from Shearin to the Commissioner of Correction admitting the error in meal delivery to Ramadan participants and promising to take corrective action and that plaintiff requires additional time to

respond in order to provide the court with that memorandum.  ECF 15 at p. 6.  Plaintiff provides declarations under oath from three other inmates at NBCI who also dispute Chaplain Lamp's assertions regarding Ramadan meal delivery.  *Id*. at pp. 12 – 14.

In the reply to plaintiff's opposition response, defendant admits meal delivery during Ramadan 2013 at NBCI was altered because the prison was on lock-down status, but provides only the policies regarding meal delivery and lists of foods that are potential hazards.  ECF 29.  Plaintiff's claim does not, however, challenge the validity of the policies in place.  Rather, plaintiff claims that the failure to abide by that policy violated his rights.   Defendant has not explained how, if the policy provides for adequate caloric intake, failure to follow that policy is of no legal consequence.

By contrast, plaintiff has provided a copy of a memorandum dated January 8, 2014, from defendant to Assistant Commissioner Randy Watson in response to an ARP found meritorious by the Commissioner's office, stating in part, "the dietary department has *since* made changes to ensure that the participants in the fast during Ramadan will be given additional food items for diner to bring them up to a required calorie intake for the day."  ECF 25 at p. 5 (emphasis supplied).  Additional affidavits from other Ramadan participants confirm plaintiff's assertion that adequate amounts of food were not being supplied.  *Id*. at pp. 3- 4; and pp. 6 -8.  There exists a genuine dispute of material fact precluding summary judgment in favor of defendant.

### Plaintiff's pending motions

Plaintiff's motion to join claim (ECF 22) seeks to add as an additional plaintiff to this case, Joseph Dicks, who also participated in Ramadan in 2013 and provided plaintiff with the memorandum regarding an ARP he filed which was found meritorious.  The motion is written in plaintiff's handwriting and, although it bears Mr. Dicks' signature, there is little else to indicate

that Dicks supports this motion.  In light of plaintiff's self-represented status, the motion to join claim shall be denied.  Mr. Dicks remains free to file a separate action concerning his claims.

Plaintiff's motions to introduce evidence (ECF 24 and 25) provide evidence in support of his claim and shall be granted.  It is this evidence that defendant shall be directed to address in the separate order which follows.

Plaintiff's motion for copywork (ECF 31) requests copies of certain affidavits from another inmate submitted in support of his claims.  Plaintiff's motion shall be granted and the Clerk will be directed to provide a copy of ECF 15 and 16 to plaintiff without cost.

Plaintiff's motion for appointment of counsel (ECF 32) asserts his need for the assistance of counsel to engage in discovery and to represent him at a hearing.  A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  Upon careful consideration of the motions and previous filings by plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so.  A hearing has not yet been determined to be necessary and plaintiff's discovery request pursuant to Fed. R. Civ. Proc. 56(d) was limited to the memorandum already provided.  Thus, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under §1915(e)(1).  The motion for appointment of counsel shall be denied without prejudice.

In the separate order, defendant shall be directed to either supplement the motion to dismiss or for summary judgment, or file a status report indicating whether he intends to proceed

to trial or requires discovery.[3]   In the event defendant files a supplemental motion, he is directed

to specifically address plaintiff's assertion that policy was not followed, as was clearly indicated

in the memorandum bearing defendant's signature.   ECF 25 at p. 5.    The deadlines for filing

further pleadings are set forth in the separate order which follows.

 _July 21, 2014_____                        _____/s/_____
Date                                                     J. Frederick Motz
                                                         United States District Judge

---

[3]   In the event defendant indicates a desire to proceed to trial or conduct discovery, the court will reconsider
plaintiff's motion for appointment of counsel and likely grant same.