## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEAN GERMAIN                                    *

Plaintiff                                       *

v                                               *        Civil Action No. JFM-13-2267

BOBBY P. SHEARIN                                *

Defendant                                       *
                                              ***

### MEMORANDUM

In this court's July 21, 2014 memorandum and order defendant's motion to dismiss or for summary judgment was denied without prejudice and defendant was directed to either supplement the motion or inform the court of his expectation of the length of trial. ECF 35 and 36. Defendant supplemented the motion to dismiss or for summary judgment asserting that even if the prison policy concerning meal delivery during Ramadan was violated, plaintiff had failed to state a constitutional claim as he suffered no ill health effects as a result and the meal delivery as practiced did not substantially impact on plaintiff's religious freedom. ECF 49. Plaintiff filed a motion to strike[1] the supplemental pleading and, in the alternative, seeks additional time to conduct discovery in order to oppose the motion. ECF 51.

Plaintiff's allegations were previously summarized as follows:

> Plaintiff asserts that defendant, Bobby Shearin, former-Warden of North Branch Correctional Institution (NBCI), owed him a duty of care to: provide him with three "wholesome, nutritious, well-prepared, and adequate meals a day; avoid imposing a substantial burden on his religious practices; and review his administrative remedy procedure (ARP) submissions and address them in accordance with procedures outlined in applicable Division of Correction

---

[1]   Also pending is plaintiff's motion for preliminary injunction seeking an order requiring Division of Correction officials to provide him with three wholesome meals during the 2014 Ramadan feast. ECF 33. As it has been established in the context of this case that a policy regarding meal delivery during Ramadan is already in place and there is no indication that a violation of that policy was imminent at the time plaintiff filed his motion, the motion shall be denied.

Directives (DCD).  ECF 1 at pp. 2 – 3.  Plaintiff claims Shearin breached all of
these duties by violating plaintiff's constitutional rights as well as state and
federal statutory law.

Plaintiff claims Shearin implemented a policy of "starving inmates of the
Islamic faith who participate in fasting during the holy month of Ramadan."
ECF 1 at p. 3.  Plaintiff claims Shearin did this by "only providing" Islamic
inmates with "one wholesome meal per day."  *Id*.  Plaintiff further asserts that
Shearin forced Islamic inmates to "either forfeit the benefits of being on the
institutional Ramadan roster and try to fast alone, or abandoning fasting
altogether in violation of  . . . RUILPA."  *Id*. citing 42 U.S.C. §2000cc *et seq*.

ECF 35 at pp. 1 -- 2.   Plaintiff further claimed that his administrative remedy procedure

complaints (ARP) regarding the failure to provide him with a lunch meal with his were

improperly denied on the basis that it was his "choice" to fast.  ECF 1 at p. 7. Plaintiff further

claimed that he had to abandon the religious fast because he suffered weight loss, severe hunger

pangs, light headedness, headaches, and emotional distress.  *Id*. at p. 4.

Summary judgment was denied without prejudice because defendant failed to address the

fact the policy in place regarding Ramadan meals was not followed during the prison lockdown

at North Branch Correctional Institution (NBCI).   This failure was memorialized in an ARP

response from Assistant Commissioner Randy Watson submitted by plaintiff with his response in

opposition which stated in part, "the dietary department has *since* made changes to ensure that

the participants in the fast during Ramadan will be given additional food items for dinner to

bring them up to a required calorie intake for the day."  ECF 25 at p. 5 (emphasis supplied).  In

addition, plaintiff submitted affidavits from other Ramadan participants confirming his assertion

that adequate amounts of food were not being supplied.  *Id*. at pp. 3 - 4 and 6 – 8.

**Standard of Review**

Motion to Strike

A motion to strike is governed by Fed. R. of Civ. Proc. 12(f) which permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on a motion by a party or *sua sponte*.   Plaintiff asserts that defendant's supplemetal motion for summary judgment should be struck because it raises new matters not addressed in the original motion.  He further argues that this court's discretion is limited under Fed. R. of Civ. Proc. 56(e) regarding failure to properly support or address a fact as required by Fed. R. of Civ. Proc. 56(c).  Plaintiff takes the position that defendant's failure to address the violation of the prison policy regarding Ramadan meals limited this court's options in fashioning an order requiring further pleadings.  ECF 51.

This court ordered defendant to address the fact that policy was not followed.  That directive is permitted by Fed. R. of Civ. Proc. 56(e) and plaintiff's assertions that defendant's supplemental motion is subject to strike is erroneous.  The motion to strike will be denied.

Discovery Before Summary Judgment

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont*, *supra*, 637 F.3d at 448-49. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)),

explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f))    Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20, 2011 U.S. Dist. LEXIS 14266, at *62 (D. Md. Feb. 14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted). But, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not

4

always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted). According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted).  Plaintiff has not filed an affidavit under Rule 56(d).

Plaintiff asserts he requires additional time to conduct discovery in order to properly oppose defendant's renewed motion to dismiss or for summary judgment.  ECF 51.  The evidence plaintiff states he needs are medical records to establish that he suffered "significant weight loss" during the Ramadan fast.  He notes that the two medical records submitted by defendant are not close enough in time to events at issue to be dispositive of this issue and, as such, there is a genuine dispute of material fact precluding summary judgment.

The documents plaintiff seeks through discovery are not documents this defendant has any authority to turn over in the context of a discovery request.  Requests for production of documents is governed by Fed. R. Civ. Proc. 34, which provides that "a party may serve on any other party a request . . . to produce an permit the requesting party or its representative to inspect . . . items *in the responding party's possession, custody, or control.*" (emphasis supplied). Medical records are not in the possession, custody, or control of the former warden, but are available to plaintiff if he makes a request for them from the medical care contractor.  It is not incumbent upon defendant to provide evidence to plaintiff, which is otherwise available to him, to establish his injury.  As noted by this court in the prior memorandum, "[p]laintiff provides no evidence of his weight loss and in prior lawsuits attributed a weight loss to an untreated medical

condition."  ECF 35 at p. 3, n.1, citing *Germain v. Wexford Health Services, Inc.*, Civil Action

JFM-13-382 (D. Md.).   Plaintiff's request for discovery shall be denied.

Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that the "court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Supreme

Court has clarified that this does not mean that any factual dispute will defeat the motion.  "By its

very terms, this standard provides that the mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club,

Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all

reasonable inferences in her favor without weighing the evidence or assessing the witnesses'

credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but

the court also must abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal

quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

The only remaining issue before the court is the significance of evidence submitted by plaintiff that established policy regarding Ramadan meals was not followed during the 2013 Ramadan observance.  Defendant asserts that this court's prior decision in *French v. Maryland Div. of Correction*, Civil Action CCB-11-2142 (D. Md. 2013) is controlling on the issue.  ECF 49 at pp. 11 – 13.  One of the claims asserted in that case was that the plaintiffs, who were inmates at NBCI, were not provided with additional calories to make up for missing lunch during the day, thus exacerbating the difficulty of observing the fast and resulting in substantial weight loss. This court held that the plaintiffs had failed to show that the failure to provide additional food or calories to make up for a missed meal burdened their religious practice in light of the fact that there was no impact on their health.  In short, fasting necessarily involves discomfort, hunger, and weight loss relative to those prisoners not engaging in the fast.

Plaintiff takes issue with defendant's description of the tenets of the Muslim faith relative to the purpose of fasting during Ramadan and suggests the need to allow him time to locate an expert on the precise nature of his sect of Islam. ECF 51.  Among the statements made by defendant are that all Muslims who have reached puberty and are in good health are required to fast during Ramadan for the purpose of feeling humility and compassion for the poor.  ECF 49 at pp. 5 – 7.  Additionally, it is noted that the belief that the evening meal served after sunset (Iftar) should be a large feast is not supported in the tenets of the Islamic faith.  *Id*. at p. 7. Specifically, defendant states that

> Muslims believe '[n]o benefit is derived from the fast if one consumes as much as he or she would usually take during the day and night combined.'  The Prophet even warns Muslims against overeating at sundown stating '[t]he worst container to be filled to its utmost capacity is the stomach. It is enough for people to eat what will suffice to keep them standing, but if that is not

attainable, then one third for food, one third for drink, and one third empty for air.'

*Id*. quoting *Inner Dimension of Fasting*, Islam 101 (October 15, 2014).

This court declines plaintiff's invitation to examine the tenets of his faith through the expense of expert testimony in light of the fact that plaintiff himself offers no evidence through his own affidavit that any of the statements made regarding the purpose of Ramadan fasting are inaccurate.  In so declining, this court notes that plaintiff is a capable adversary in the context of the prolific litigation he has filed in this court and has had ample opportunity to present evidence to refute the assertions made by defendant.  His efforts to belabor the point in this case must fail.

There is no evidence in this case that the failure to follow policies in place regarding food delivery either unduly burdened plaintiff's ability to observe his faith or impacted his health adversely.  Plaintiff's choice to end his fast was not forced on him and, to the extent he was experiencing health issues at the time as he alleged in another case, the generally accepted tenet of the Muslim faith regarding fasting exempts him from fasting while ill.  Defendant is entitled to summary judgment in his favor.  A separate order follows.


    December 30, 2014                        /s/
Date                                      J. Frederick Motz
                                          United States District Judge